■ KENRICH PROPERTIES, INC., Appellant, v. CITY TITLE INSURANCE COMPANY, Respondent.— Judgment unanimously affirmed, without costs or disbursements. We agree with Trial Term that the plaintiff proved no cause of action. In this action on a policy of title insurance Trial Term found that plaintiff failed to establish any damage due to a defect in title, the risk insured against. With this finding we are in accord, and it is determinative of the action. Plaintiff's loss was due to the fact that a wall was structurally defective and, as a consequence, the municipal authorities condemned the building as unsafe. Due to the defective construction the wall bulged out on the adjacent street and, therefore, encroached. While encroachment was one of the risks insured against, no action because of it was asserted by the city and plaintiff suffered no loss due to it. Trial Term, however, found additional grounds for dismissal, with which we are not in accord and find it unnecessary to discuss. Concur — Breitel, J. P., Rabin, Stevens, Steuer and Bastow, JJ.

■ HIMOFF INDUSTRIES CORP., Respondent, v. SIMON SRYBNIK, Doing Business as S & S MACHINERY COMPANY, Appellant.— Judgment, unanimously modified, on the law and the facts, to delete the second decretal paragraph providing for a severance of a portion of the second cause of action, and to delete the sixth to the eleventh decretal paragraphs inclusive, providing for an accounting by the defendant; and judgment otherwise affirmed, without costs or disbursements to either party. The plaintiff does not allege and the evidence does not establish the existence of a joint venture with regard to the purchases by defendant of the equipment and articles purchased by him at the auction conducted by Weisz of the Cramp Shipyard assets. Furthermore, it was not established that the funds and credit of the particular joint venture, which was alleged and proved, were used by defendant to purchase the equipment and articles at said auction. The defendant had the right to and did purchase the same for his sole account, and he is not accountable for any profits which may be realized from the purchases. Concur — Botein, P. J., Breitel, Rabin, Eager and Bastow, JJ.